IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA CHAVEZ,

        Plaintiff,

vs.                                       No. CIV 99-104 SC/LFG-ACE

BERNALILLO COUNTY BOARD
OF COMMISSIONERS et al.,

        Defendants.

**MEMORANDUM AND ORDER GRANTING REQUEST**
**FOR A RULE 35 EXAMINATION**

THIS MATTER is before the Court on Bernalillo County Board of Commissioners' ("County") motion for a Fed. R. Civ. P. 35 examination.[1] In this case, Plaintiff, Theresa Chavez ("Chavez"), seeks damages for retaliatory discharge, tortuous interference with contract, breach of contract and sexual harassment.[2] She contends that County's conduct was so extreme and outrageous that she has suffered severe emotional distress. She contends that County's actions caused her fear and intimidation and she seeks an award of compensatory and punitive damages.

Chavez opposes County's request for an examination, arguing that she is not making any claim for present mental or emotional harm. She contends that the emotional injury she suffered was

---

[1] This motion was filed and briefed in state court prior to the case being removed to federal court. Prior to the completion of briefing, the State trial judge issued a protective order prohibiting a mental examination of Chavez until she secured her own expert, and until Chavez or the court approved of the proposed tests to be administered. This order is now set aside.

[2] Since the Rule 16 conference, Chavez stipulated to dismissal of Count II (battery); Count III (assault); Count IV (false imprisonment); and Count V (intentional infliction of emotional distress as against the County). See order, entered April 20, 1999 (Doc. 20).

in the past, that there are no current symptoms, and that County's proposed testing and evaluation would not be relevant to any past injuries, only to present conditions. Chavez also argues that County has not demonstrated how the testing it intends to administer is relevant or how any testing would be useful in confirming or refuting a past injury. Therefore, Chavez argues, the examination will be nothing more than a "fishing expedition" and that her privacy rights outweigh County's discovery rights.

After consideration of the motion, response and reply, review of the protective order, and after consideration of the parties' supplementary authorities presented on May 13, 1999, the Court rejects these arguments.

The nature, extent, duration and cause of Chavez' injuries are proper subjects for the finder of fact. County is not bound to accept, without challenge, Chavez' view of the facts or her contentions concerning what injury she suffered, how long it lasted, how severe it was or what caused the injury. To the contrary, County is entitled to independently investigate Chavez' claims and to determine if the evidence supports or refutes those claims.

Here, Chavez seeks to impose unilateral restrictions on what County may do to investigate or evaluate her claim. This, she may not do. County's expert is entitled to conduct interviews, administer tests, examine Chavez, review her records, consult with other healthcare professionals, evaluate the evidence, and come to an independent conclusion about the claims. Chavez is not permitted to determine, for County's expert, the limits of their proposed examination.

At the Rule 16 conference conducted in this case, the Court inquired whether Chavez' emotional harm damages fell into "garden variety" emotional distress claims as recognized by the Tenth Circuit in <u>Thiessen v. General Electric Capital Corp.</u>, 178 F.R.D. 568 (D. Kan. 1998), or

whether Chavez was asserting a "more particularized mental or emotional" injury. Chavez apprised the Court that her claim was not the former, but the latter. More recently, however, Chavez modified her position and now argues that her claim is, indeed, only a "garden variety" claim. Therefore, she argues, County should not be entitled to conduct a Rule 35 examination.

In Thiessen v. General Electric, the court stated that when a plaintiff makes a "garden variety" emotional distress claim which amounts to no more than an attempt to recover for a generalized insult, hurt feelings and lingering resentment, a plaintiff's mental condition is not sufficiently "in controversy" to justify a Rule 35 examination. On the other hand, when a plaintiff makes a particular claim for emotional injury or asserts a "more particularized mental or emotional injury," the claimed condition is in controversy and a defendant is entitled to conduct its own examination and evaluation of the claim. Id., see also Schagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234 (1964).

Chavez intends to proceed with her intentional infliction of emotional distress claim against Defendant Orona, and still intends to offer expert testimony from a psychologist in support of her mental or emotional injury damage claim. The Court concludes that notwithstanding Chavez' recent argument that her claim is "garden variety," it is not. Chavez is asserting a specific claim for emotional and psychological harm, is proceeding with a separate common law claim specifically asserting infliction of emotional harm, and is offering expert testimony.

A plaintiff may not assert a right to damages, and yet deny the opposing party an opportunity to challenge the legitimacy of the claim. Indeed, in Nora Palmer Fox v. Gates Corp., 179 F.R.D. 303 (D. Colo. 1998), the court stated:

> The majority of courts . . . will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present:

3

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy." [cites omitted].

Id. at 307.

Here, Chavez comes within several of these exceptions. She has asserted a specific cause of action for intentional or negligent infliction of emotional distress. That claim alone justifies a Rule 35 examination. Even though Chavez now states that her claim is a generic, "garden variety" emotional harm claim, the pleadings refute that position. Chavez is making a specific claim for mental and emotional consequences allegedly suffered at the hands of the Defendants. This contention justifies the examination. Thiessen v. General Electric Capital Corp.

Finally, Chavez has retained an expert witness who is prepared to offer opinion testimony in support of her claim. The decision to use an expert to provide evidence of the claim buttresses the fact that Chavez' claim does not fall into the "garden variety" class of emotional injuries for which no examination is necessary. Id.

The Court determines that the County has made a particularized showing of a need to undertake an independent Rule 35 examination, and, accordingly, the Court orders that Chavez submit to an independent examination as arranged for by the County. In accord with the requirements of the Rule, the County is to submit its expert's report to Chavez upon its completion. Prior orders imposing restrictions on the Rule 35 examination are withdrawn.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Daniel M. Faber, Esq.

ATTORNEY FOR DEFENDANTS:
Thomas R. Briones, Esq.